## No. 418
### First Circuit

## T. E. NEWSON & CO. v. SMITH

(February 13, 1929. Opinion and Decree.)

Ellis, Ellis & Ellis, of Amite, attorneys for plaintiff, appellant.

Purser and Magruder, of Amite, attorneys for defendant, appellee.

LECHE, J. In this suit upon an open account, the plaintiff prayed for and obtained the issuance of a writ of attachment on the ground "that he verily believes that said Richard T. Smith is on the eve of leaving the State permanently." Some movable property of defendant was seized and attached under the writ, and on the trial of a motion to show cause why said attachment should not be dissolved for the reason that the allegations for said attachment are false and untrue, the attachment was dissolved and defendant was accorded fifty dollars as damages for attorney's fees. From that judgment plaintiff has taken the present appeal.

The ground alleged for the attachment is that specified in paragraph 1 of Art. 240, and in Art. 243 C. P. The facts pertinent to the issue submitted in plaintiff's petition are substantially, that defendant came to the Parish of Tangipahoa from Poplarville, in the State of Mississippi, to engage in hauling pine knots and wood, and to ship same by rail. He was married and had six children. He lived for a while in Kentwood in the northern part of the parish, but at the time this case was tried, he had moved to Amite. In order to operate the business in which he had engaged, he made arrangements with plaintiff for advances in money and supplies.

Defendant acting under the arrangement made with plaintiff, pursued the business in which he had engaged for some time, when it turned out that the business was unprofitable. His family was dissatisfied with their living conditions in Kentwood, and he was unable to meet his indebtedness to plaintiff. Then rumors reached plaintiff that defendant was about to return to Mississippi. Coupled with these rumors, was the fact that plaintiff was unable to collect his claim and became suspicious as to defendant's intentions. Plaintiff then sued out the present attachment which was, after hearing, dissolved by the District Court.

The important question then, is whether defendant had the intention to move back to Mississippi and whether his conduct and his actions justified the belief that he had such intention. We do not think that the evidence is sufficient to establish either of these facts. There is no proof that defendant ever expressed an intention to return to Mississippi, as was done by the defendant in the case of Grigsby Construction Co. vs. Colly, reported in 124 L. at page 1072, 50 So. 855, nor is there proof to show that defendant's conduct was such as to justify the inference that he had such intention. The rumors which reached plaintiff most likely arose from the fact that defendant's wife and children, dissatisfied with their surroundings at Kentwood, may have expressed such a wish. Defendant had a large family to support, had failed in his undertaking and was in the vernacular, down and out, and he had to do something to earn a living. He moved to Amite with that object in view.

Our appreciation of the situation of these parties at the time the attachment was sued out, is that plaintiff acted in good faith and without malice, but there is nothing to show that defendant had any fraudulent intent. Under these conditions defendant is entitled only to actual damages, the fees of his attorney to set aside the attachment.

Our learned brother of the District Court so found and his judgment is therefore affirmed.